UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
SARAH WEISS
on behalf of herself and
all other similarly situated consumers

                           Plaintiff,

       -against-


INTEGRITY SOLUTION SERVICES, INC.

                           Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Sarah Weiss seeks redress for the illegal practices of Integrity Solution Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in St. Charles, Missouri.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Sarah Weiss*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about February 26, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said February 26, 2014 collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12. Through the window of the envelope, was visible the consumer's account number assigned by the Defendant, above the Plaintiff's name and address.

13. Section 1692f of the FDCPA states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor.

15. The account number, when disclosed to the public eye, exposes the consumer's financial quandary.

    <u>Douglass v. Convergent Outsourcing</u>, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy concerns, it cannot be deemed benign . . . Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass. But the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor . . . Accordingly, Douglass's account number is impermissible language or symbols under § 1692f(8).)

16. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

17. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18. The said letter is a standardized form letter.

19. Defendant's February 26, 2014 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

20. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. This cause of action is brought on behalf of Plaintiff and the members of a class.

22. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 26, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to USAA Savings Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 12, 2015

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

P.O. Box 1997
Southgate, MI 48195-0997



**Integrity Solution Services, Inc.**

4370 W. 109th Street, Suite 100
Overland Park, KS 66211
Local Phone: 816-335-6714
Toll Free: 855-222-0329

February 26, 2014

IFP☐☐☐☐☐1483/USAASIF1   286061369158   124/0000108/0004

Sarah Weiss
Apt 3A
796 Wythe Ave
Brooklyn, NY 11249-7846

<u>Account Information</u>
Creditor: USAA Savings Bank
Account #: ☐☐☐☐☐☐☐1483
IFP#: ☐☐☐896
Balance Due: $14,130.09

Dear Sarah Weiss:

The above referenced account has been referred to our office for collection. Previous attempts have been made by the creditor to resolve this debt. As of this date, those attempts have not been successful. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the valiidity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Note: If payment of the balance has already been made, please notify this office at 855-222-0329 to avoid further communications.

If payment has not been made and no dispute currently exists, Integrity Solution Services, Inc. is in a position to offer you a settlement opportunity. We recommend you seriously consider this offer, as it will satisfy your obligation to USAA Savings Bank.

Your balance is $14,130.09. The settlement amount is $9,184.56. **This is a savings of $4,945.53 to you.**

If you are interested in taking advantage of this opportunity, please pay the settlement amount of $9,184.56. Send your payment to Integrity Solution Services, Inc. with the detached lower portion of the notice and return your payment in the enclosed envelope. Or pay via check, debit, or credit card through our website at www.payifp.com. We are not obligated to renew this offer. If you are unable to take advantage of this offer, contact our office at 855-222-0329 to discuss other payment arrangements.

USAA Savings Bank is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If USAA Savings Bank is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION
You can now make a payment online at www.payifp.com
Hours of Operation: Mon through Thu: 8am to 9pm CT   Fri: 8am to 5pm CT   Saturday: 8am to 12pm CT

---

DETACH AND RETURN WITH PAYMENT

IF YOU WISH TO PAY BY CREDIT CARD FILL IN
THE INFORMATION BELOW

Check One: ☐ VISA  ☐ MasterCard
Card Number: _____
Expiration Date: ____/____   CCV#: (Last 3 digits on back of card) ____
Signature: _____

Amount Due: $14,130.09
Amount Paid:
$☐☐☐☐☐.☐☐

Sarah Weiss
Apt 3A
796 Wythe Ave
Brooklyn, NY 11249-7846

<u>Account Information</u>
Creditor: USAA Savings Bank
Account #: ☐☐☐☐☐☐☐1483
IFP#: ☐☐☐896
Balance Due: $14,130.09

Integrity Solution Services, Inc
P.O. Box 11530
Overland Park, KS 66207-4230

You can now make a payment online at www.payifp.com
Hours of Operation: Mon through Thu: 8am to 9pm CT   Fri: 8am to 5pm CT   Saturday: 8am to 12pm CT